UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT BILLINGS,

      Plaintiff,

CASE NO. 1:17-CV-775

v.

HON. ROBERT J. JONKER

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

# ORDER APPROVING AND ADOPTING
# REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Carmody's Report and Recommendation in this matter (ECF No. 22) and Plaintiff's Objection to it (ECF No. 23). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . as a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Magistrate Judge recommends affirming the Commissioner's decision on the basis that the ALJ's decision is supported by substantial evidence. The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's Objection to it. After its review, the Court finds that Magistrate Judge Carmody's Report and Recommendation is factually sound and legally correct and accordingly adopts its conclusion.

**PLAINTIFF'S OBJECTION**

Plaintiff raises three objections, all of which lack merit. First, Plaintiff argues the Magistrate Judge erred in finding the ALJ's treatment of Dr. Safdar's opinion was supported by substantial evidence. Plaintiff contends the ALJ should have explicitly discussed each of the factors used to determine the weight given the opinions of his treating physician. An ALJ's explanation "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96–2p, 1996 WL 374188, at *5 (1996).[1] But the Court is unaware of any binding authority–and Plaintiff's Objections provide none–requiring an ALJ to explicitly discuss each factor. Moreover, there is persuasive authority indicating that an ALJ need not engage in a discussion of each factor. *See, e.g., Francis v. Comm'r of Soc. Sec.*, 414 F. App'x 802, 804 (6th Cir. Mar. 16, 2011) ("Although the regulations instruct an ALJ to consider these factors, they expressly require only that the ALJ's decision include 'good reasons . . . for the weight . . . give[n] [to the] treating source's opinion'—not an exhaustive factor-by-factor analysis"); *Tilley v. Comm'r of Soc. Sec.*, 394 F. App'x 216, 222 (6th Cir. 2010) (indicating that an ALJ is not required to explicitly address each of the factors); *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) ("[Plaintiff] cites no law, and

---

[1] This SSR has been rescinded by the Commissioner and new regulations have been established for claims filed after March 27, 2017. Plaintiff filed his claim before March 27, 2017, and so the SSR is properly considered.

we have found none, requiring an ALJ's decision to apply expressly each of the six relevant factors in deciding what weight to give a medical opinion.").

After a de novo review of the administrative record, the Court agrees with the magistrate judge that the ALJ articulated goods reasons, supported by substantial evidence, for according the opinion of Dr. Safdar less than controlling weight. The ALJ thoroughly discussed the supportability of the opinions, as well as the consistency of the opinion with the record as a whole. The ALJ was not required to expressly consider all the other factors.

Second, Plaintiff objects to the Magistrate's treatment of his testimony at the administrative hearing. First, it is plain that the ALJ found that Plaintiff's testimony was less than fully credible–this is as specific as the ALJ needed to have been. And to the extent that Plaintiff complains that the ALJ failed to articulate his reasons for finding Plaintiff's subjective allegations to be less than fully credible, the Court agrees with the Magistrate Judge that the ALJ clearly, in fact, did provide his reasoning–and concluded that the severity of the allegations were not borne out in the record. Plaintiff says the ALJ should have discussed his testimony that he was unable to hold a cane in his hand, unless he uses the full weight and balance of his hip to control it. (ECF No. 23, PageID.641). But the ALJ found this assertion to be inconsistent with, among other things, the November 2015 treatment records of Dr. Khaleel, which noted that Plaintiff did not use a cane during the physical examination and could heel and toe walk without any difficulty. In other words, the ALJ performed precisely the type of analysis that Plaintiff says was not conducted. Accordingly, this objection fails.

Finally, Plaintiff objects to the Magistrate's conclusion that the ALJ's decision is supported by substantial evidence. In this objection, Plaintiff mainly relies on his testimony–which claimed limitations that were in excess of those the ALJ ultimately assigned. The problem for Plaintiff is

this: Plaintiff's burden on appeal is much higher than citing evidence on which the ALJ could have found a greater level of restriction. Indeed "the Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). Here, Plaintiff's subjective allegations were found to be less than fully credible by the ALJ because they were inconsistent with the objective medical evidence. That determination is supported by substantial evidence. Accordingly, Plaintiff fails to demonstrate the ALJ acted outside the "zone of choice" that is accorded ALJs at this stage of review. *See Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001).

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 22) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **AFFIRMED.**

A separate Judgment shall issue.


Date:   September 4, 2018               /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        CHIEF UNITED STATES DISTRICT JUDGE